IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

RAYMOND TORRES,

    Plaintiff,

v.

EAGLE TECHNOLOGIES, INC.,
a Maryland corporation,

    Defendant.

_____/

RECEIVED

MAR - 2 2009

CLERK OF CIRCUIT COURT

CASE NO.:  08-30607

Division:  H

## AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff, RAYMOND TORRES ("Mr. Torres") sues Defendant, EAGLE TECHNOLOGIES, INC. and states as follows:

1.    The amount in controversy is in excess of $15,000, exclusive of interest, costs and attorneys' fees.

2.    Plaintiff, Raymond Torres, is a full time resident and citizen of Florida, who worked for Defendant in Tampa, Florida.

3.    Defendant, Eagle Technologies, Inc. ("Eagle") is a Maryland corporation registered to do business in the State of Florida, which conducts substantial business activities in Florida and in Tampa, Florida.

4.    All of the events giving rise to claims in this case occurred in Hillsborough County, Florida, where Mr. Torres was employed by Eagle.

5.    All conditions precedent to the causes of action alleged in this Complaint have occurred or have been waived.

6.     During Mr. Torres' employment with Eagle, he complained to the United States Federal Aviation Administration ("FAA"), the United States Department of Labor ("DOL") and other governmental entities about Eagle's illegal and fraudulent conduct.

7.     In response to these complaints, investigations were initiated by the FAA and the DOL prior to May 2008.

8.     On May 22, 2008, Eagle terminated the employment of Mr. Torres claiming the sole ground for discharge is that Mr. Torres tested positive for marijuana.

9.     The reasons given for the termination of Mr. Torres' employment is false and a pretense.

10.     Mr. Torres employed the law firm of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A. to represent him in this case which fee Eagle is obligated to pay pursuant to section 448.08 and other applicable law.

## COUNT I

11.     Mr. Torres incorporates by reference the allegations contained in paragraphs 1-10 as if fully set forth herein.

12.     The positive marijuana test result which was the sole basis for Mr. Torres' discharge was not verified by a confirmation test.

13.     The positive marijuana test result which was the sole basis for Mr. Torres' discharge was not verified by a medical review officer.

14.     The positive marijuana test result which was the sole basis for Mr. Torres' discharge was not confirmed using gas chromatography/mass spectrometry or an equivalent or more accurate scientifically accepted method approved by the Florida Agency for Health Care Administration ("AHCA") or the United States Food and Drug

Administration ("FDA").

15.     Eagle's medical review officer did not provide technical assistance to Mr. Torres for the purpose of interpreting the test results to determine whether the result could have been caused by prescription or nonprescription medications taken by Mr. Torres.

16.     Mr. Torres has never used marijuana.

17.     Eagle wrongfully terminated the employment under the laws of the State of Florida of Mr. Torres because:

(a)     he was discharged on the sole basis of a positive marijuana test result that has not been verified by a confirmation test and by a medical review officer;

(b)     the positive marijuana test result was not confirmed using gas chromatography/mass spectrometry or an equivalent or more accurate scientifically accepted method approved by the AHCA or the FDA; and

(c)     Eagle's medical review officer did not provide technical assistance to Mr. Torres for the purpose of interpreting the test results to determine whether the result could have been caused by prescription medications taken by Mr. Torres.

18.     As a result of Eagle's wrongful termination of Mr. Torres, he has been damaged by a loss of income, benefits, (including medical and pension), reputation, and other damages.

Wherefore, Mr. Torres prays this Court enter judgment in favor of Mr. Torres and against Eagle for compensatory and consequential damages, including back pay, front pay, loss of past and future benefits, loss of reputation, reasonable attorneys' fees pursuant to Fla. Stat. § 448.08 and other applicable law, for costs, and for such other

3

and further relief as may be deemed appropriate.

## COUNT II

19.    Mr. Torres incorporates and realleges by reference the allegations contained in paragraphs 1 through 10 as if fully set forth herein.

20.    During Mr. Torres' employment with Eagle, he reported to governmental authorities, including the DOL and FAA, the illegal conduct and violations of laws, rules and regulations of Eagle.

21.    Specifically, Mr. Torres' complaints included that Eagle:

(a)    made mandatory deductions from Eagle employees' health and welfare monies into a 401k plan, misrepresenting to the federal government that the contribution came from Eagle;

(b)    violated multiple provisions of the Service Act regarding the cost of maintaining and furnishing uniforms for the Eagle security guards;

(c)    violated the Service Act and wage and hour laws by requiring certain Eagle employees to attend a 16-hour training class and other training and re-qualification, but refusing to pay the employees to attend the classes and threatening to fire employees who did not take the classes; and

(d)    other violations of the Service Act and contract between Eagle and the FAA.

22.    After bringing this illegal conduct to the attention of governmental authorities, Eagle began punishing Mr. Torres by disciplining and ultimately terminating Mr. Torres.

23.    The adverse employment action set forth above occurred because Mr. Torres disclosed to appropriate governmental authorities the illegal activity, policies, and practices of Eagle.

24.    Mr. Torres has been damaged as a result of this conduct by Eagle.

25.    Eagle is liable to pay to Mr. Torres his reasonable attorneys' fees for pursuing this action pursuant to the Florida Whistleblower Law, Chapter 448, and other applicable law.

Wherefore, Plaintiff prays this Court enter a judgment for compensatory damages, including lost wages, back pay, loss of past and future benefits, front pay, pain and suffering, costs, attorney's fees, and upon an appropriate evidentiary showing punitive damages, and for such other and fully relief as may be deemed appropriate by this Court.

## COUNT III

26.    Mr. Torres incorporates by reference the allegations contained in paragraphs 1-10 as fully set forth herein.

27.    Mr. Torres timely filed charges based on age, retaliation, national origin and of discrimination against Eagle with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC") on July 7, 2008.

28.    On December 2, 2008, the EEOC issued a dismissal and notice of right to file suit, which was received by Mr. Torres on December 8, 2008.

29.    This law suit is filed within 90 days of Mr. Torres' receipt of this notice of his right to file suit.

30.     This is an action by Mr. Torres for discrimination based on ethnicity and age.

31.     Mr. Torres is a Hispanic male who was 59 years old when the incidents alleged herein occurred.  Mr. Torres is a citizen of the United States, who worked for Eagle in Hillsborough County, Florida at all time relevant to this lawsuit.

32.     Eagle took adverse employment actions against Mr. Torres based on ethnicity, age and in retaliation for Mr. Torres complaining about age and ethnic discrimination.   These adverse employment actions include falsely disciplining Mr. Torres and terminating Mr. Torres' employment.  For example, Eagle terminated Mr. Torres' employment for allegedly failing a drug test.  This was a pretense for ethnic and age discrimination, and in retaliation for Mr. Torres complaining about ethnic and age discrimination.  In fact, Eagle did not follow its own procedures and did not follow Florida law in terminating Mr. Torres for allegedly failing a drug test.

33.     Mr. Torres suffered financially and emotionally, as a result of the discriminatory treatment based o his ethnicity and age.  Mr. Torres suffered financially and emotionally, as a result of retaliation for asserting rights protected under Title VII and the FCRA, including unfavorable work assignments, a hostile work environment, and termination.

34.     The subjecting of Mr. Torres to adverse terms and conditions of employment based on ethnicity and age are violations of rights guaranteed under Title VII.

35.     Mr. Torres suffered damages as a result of this discrimination, including lost wages and emotional damages.

6

WHEREFORE, Plaintiffs request this Court award Mr. Torres against Eagle compensatory damages, including lost income, past and future wages, out of pocket expenses and emotional damages, and punitive damages to the full extent permitted by law, a reasonable attorneys' fee, the costs of this action and all other proper relief.

## COUNT IV

36.    This is an action by Mr. Torres for discrimination based on retaliation in violation of Title VII.

37.    Paragraphs 1-10 and 27-29 and 31-32 are incorporated herein by reference.

38.    This is an action by Mr. Torres for retaliation for asserting rights protect by Title VII.

39.    The subjecting of Mr. Torres to adverse terms and conditions of employment in retaliation for asserting Mr. Torres' rights under Title VII are violations of rights guaranteed to Mr. Torres under Title VII.

40.    Mr. Torres suffered damages as a result of this retaliation.

WHEREFORE, Plaintiffs request this Court award Mr. Torres against Eagle compensatory damages, including lost past and future income, out of pocket expenses, and emotional damages, and punitive damages to the full extent permitted by the law, a reasonable attorneys' fee, the costs of this action and all other proper relief.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on all issues, as permitted by law.

JOHN D. GOLDSMITH
Florida Bar No. 444278
Trenam, Kemker, Scharf, Barkin,
   Frye, O'Neill & Mullis, P.A.
Post Office Box 1102
Tampa, Florida 33601-1102
 (813) 223-7474
 (813) 229-6553 (facsimile)
Attorneys for Plaintiff

8